UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

BONNIE LYNN CANTY                    Case No: 17-22893-EPK
                                     Chapter 13

      Debtor.
_____/

**DEBTOR'S MOTION TO ALLOW DEBTOR TO PAY REMAINING BALANCE DUE UNDER 60-MONTH PLAN IN LUMP SUM PAYMENT AND MOTION TO PAY <u>ATTORNEY'S FEES</u>**

**THE UNSECURED CREDITORS ARE HEREBY ADVISED THAT THE GRANTING OF THIS MOTION MAY DEPRIVE THEM OF A POTENTIALLY HIGHER DIVIDEND IN THE EVENT THAT THE DEBTORS HAVE AN INCREASE IN DISPOSABLE INCOME OVER THE ORIGINAL SIXTY (60) MONTHS OF THE CONFIRMED PLAN.**

    Bonnie Canty (the "**Debtor**"), by and through undersigned counsel, file this Motion to Allow Debtor to Pay Remaining Balance Due Under 60-Month Plan in Lump Sum Payment, and states as follows:

<u>**Background**</u>

    1.    On October 25, 2017, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1]

    2.    On February 26, 2018, this Court entered Order Confirming First Amended Chapter 13 Plan. [ECF # 25]. The 1st Amended Chapter 13 Plan was confirmed. [ECF #16].

    3.    This Court has allowed an above-median-income debtor to obtain a modification, under §1329 to allow for the early payoff of the Chapter 13 Plan provided that the proposed modification is requested in good faith and "the modification to the Plan proposed by the Debtor

---

[1] 11 U.S.C. §§ 101, *et seq.*

1

satisfies §§ 1322(a), 1322(b), and 1323(c), and the requirements of § 1325(a)." In re Tibbs, 478 B.R. 458, 467 (Bankr. S.D. Fla. 2012); see also In re Smith, 449 B.R. 817, 818 (Bankr. M.D. Fla. 2011)(Allowing debtor to use exempt funds to pay off plan early).2  In this case, the Debtor is also an above median-income debtor.  The Debtor meets the standards set forth in the cases referenced above.

### Factual Basis for Early Payoff

4. As reflected on Schedule I, Debtor was employed as an attorney through Law Office of Fox, Kohler & Associates.  The Debtor is now a solo practitioner.  The Debtor practices in the areas of marital and family law, debt defense, general litigation and powers of attorney.  The Debtor obtains clients through word of mouth and through advertising on AVVO.  During the COVID-19 pandemic, the Debtor's revenues have significantly decreased.

5. The Debtor's father has agreed to give a gift to payoff the remaining payments under the bankruptcy plan.  Therefore, the Debtor is proposing to use assets that are not assets of the bankruptcy estate to payoff the plan early.

6. The Debtor is not paying any priority or secured creditors through the Chapter 13 Plan.

7. Creditors are better off to receive their funds early as opposed to the Debtor possibly converting to a chapter 7 bankruptcy.

8. The Debtor is obligated to pay the undersigned attorneys' fees and costs for representation with this motion in the amount of $525.00.  The Debtor requests that these fees be paid direct and outside the Chapter 13 Plan.

---

[2] Debtor acknowledge that other courts have come to opposite conclusions.  However, this Court in *Tibbs* did an analysis of courts that came to the same and the opposite conclusion.  *Tibbs* at 462-463.  The undersigned is unaware of any binding case law that would require an opposite conclusion.

9. Creditors are not prejudiced by the filing of this Motion. The creditors will receive the same amount that they would receive if the Debtor continued to make her normal payments through the 60-month plan.

10. Creditors benefit from the early payoff of the Plan because they receive their distributions early. Based upon the damage to the businesses of the Debtor and her non-filing spouse, absent the allowing this early payoff, the Debtor would either convert the case to a Chapter 7 or dismiss the case. The relief sought in this Motion is in the best interest of the creditors and the estate.

### **Relief Sought**

11. The Debtor assert that her proposed early payoff, to the extent that it is deemed a modification, satisfies 1322(a), 1322(b), and 1323(c), and the requirements of § 1325(a) and requests that this Court approve the Debtor's request to pay off the plan early and obtain her Chapter 13 Discharge using assets from a gift. Alternatively, if the requested relief is denied, then the Debtor would propose to pay the attorneys' fees through her Chapter 13 Plan.

WHEREFORE, the Debtor request that this Court enter an order: (i) granting this Motion; (ii) allowing the Debtor to pay the remaining amounts due under the Chapter 13 Plan in a lump sum upon receiving a gift in the amount necessary to pay off the Chapter 13 Plan; (iii) allowing the Debtor to pay the undersigned attorneys' fees and costs direct and outside of the Chapter 13 Plan; and (iv) granting such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing has been sent in the manner indicated, this 28th day of April 2020 to all parties listed below.

            FURR COHEN
            *Attorneys for Debtor*
            2255 Glades Road, Suite 301E
            Boca Raton, Florida 33431

                          Telephone: (561) 395-0500

                          By: /s/ Alan R. Crane
                               Alan R. Crane, Esq.
                               Florida Bar No. 0963836
                               E-mail: acrane@furrcohen.com

**Served via ECF:**

- Alan R Crane    acrane@furrcohen.com, pmouton@furrcohen.com;rrivera@furrcohen.com;atty_furrcohen@bluestylus.com
- Wanda D Murray    ecfflsb@aldridgepite.com, wmurray@ecf.inforuptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- On Deck Capital, Inc. (Levi)    clevi@ondeck.com
- Scott A Stoloff    ss@dkslaw.net
- Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com